UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | CASE NO.  CR05-380-RSL |
| Plaintiff,    ) | |
| ) | |
| v.    ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| MY BAN DINH,    ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant.    ) | |
| _____ ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on August 23, 2010.  The United States was represented by AUSA Marci L. Ellsworth and the defendant by Ralph Hurvitz.   The proceedings were digitally recorded.

Defendant had been sentenced on or about September 15, 2006 by the Honorable Robert S. Lasnik on charges of Possession of Marijuana with Intent to Distribute, and sentenced to 12 months and 1 day custody, 3 years supervised release. (Dkt.  79.)

The conditions of supervised release included the standard conditions plus the requirements that defendant submit to search and, if deported, not reenter the United States without permission.   On August 12, 2008, the conditions of supervised release were modified

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

to require defendant to participate in drug testing and treatment, abstain from alcohol, provide his probation officer with access to financial information as requested, and be prohibited from gambling. (Dkt. 84.)

On November 3, 2008, defendant's probation officer reported that defendant had admitted consuming alcohol and cocaine on several occasions. He was placed in a structured and more frequent testing program, reprimanded, referred for professional assessment and for intensive outpatient treatment. No further action was taken at the time. (Dkt. 85.)

In an application dated August 4, 2010 (Dkt. 86), U.S. Probation Officer Jeffery S. Robson alleged the following violations of the conditions of supervised release:

1. Committing the crimes of: possession of a controlled substance, criminal conspiracy, and defrauding a public utility, on or about June 15, 2010, in violation of the general condition that he not commit another federal, state, or local crime.

2. Failing to notify the probation office within 72 hours of being arrested or questioned by a law enforcement officer, in violation of standard condition 11.

Defendant was advised in full as to those charges and as to his constitutional rights, denied the allegations, and requested an evidentiary hearing before a Magistrate Judge (Dkt. 90). The hearing was held on August 23, 2010, at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt. 92). The matter is now ready for decision.

**Findings of Fact and Recommendations**

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violations 1 and 2.

*Committing the Crimes of Possession of a Controlled Substance, Criminal Conspiracy, and Defrauding a Public Utility*

The conditions of supervise release provide that "The defendant shall not commit another federal, state or local crime." (Dkt. 79 at 3.) Defendant is alleged to have been involved in a marijuana grow operation in two locations in Snohomish County. In support of this allegation, the United States offered the testimony of Detective Jarrod Seth of the Snohomish County Regional Drug Task Force.

Detective Seth testified that he participated in the investigation of the marijuana grow operations in which defendant is alleged to have participated. The investigation was initiated when a neighbor at one of the locations drew the attention of law enforcement to a residence that, although apparently uninhabited, was repeatedly visited by a number of different persons in various vehicles at different hours of the day or night. A search warrant for the premises was obtained, pursuant to which marijuana was seized from the location. The defendant was observed and videotaped from the late fall 2009 through March 2010 visiting targeted residences in Everett and Lynnwood. The detective testified that defendants's actions appeared to show that he was tending the marijuana plants, making short trips at various hours to the residences, using different vehicles. A search of the Everett and Lynnwood residences showed signs of power being diverted, consistent with a marijuana grow operation.

Defendant was arrested on or about June 15, 2010 and interviewed by Detective Seth. Defendant was informed of his Miranda rights with Vietnamese-speaking ICE Agent Tranh acting as an interpreter. The defendant admitted that he had been hired to water the marijuana plants, and did so until March 2010. He stopped because he felt his parents would be

01 embarrassed by his actions. Defendant was booked into the Snohomish County Jail, and released
02 after an initial court appearance. The state investigation of the marijuana grow operation
03 continues, currently involving approximately 20 defendants. The government introduced the
04 Incident Report of the Snohomish Regional Drug Task Force (Case No. TF10-175), which was
05 admitted into evidence (Ex. 1.)

06 Taken as a whole, the evidence as presented at the evidentiary hearing satisfies the
07 government's burden of proving by a preponderance of evidence that defendant committed one
08 or more of the crimes of Possession of a Controlled Substance, Criminal Conspiracy, and
09 Defrauding a Public Utility, on or about June 15, 2010, in violation of a general condition of
10 supervised release that he not commit another federal, state or local crime. I recommend the
11 Court find that defendant committed alleged violation 1.

*Failing to notify the probation office within 72 hours of being arrested or questioned by a law enforcement officer, in violation of standard condition 11.*

14 I also find that the government has established by a preponderance of the evidence that
15 defendant violated the conditions of supervised release by failing to notify the probation office
16 within 72 hours of being questioned by Detective Seth, a law enforcement officer, as alleged in
17 violation 2.

18 Defendant's United States probation officer, Jeffery Robson, testified that defendant's
19 case was assigned to him for supervision when his former probation officer, Andrea Porter,
20 commenced her maternity leave. One of the standard conditions of supervised release required
21 defendant to report any contact with law enforcement within 72 hours. When defendant was
22 released to supervision on August 30, 2007, he was advised of this and the other conditions of


supervision, and signed an acknowledgment to this effect. (Exs. 2 & 3.)

Defendant was arrested and questioned on June 15, 2010 by the Snohomish County Drug Task Force. Mr. Robson was notified of the arrest on June 24, at which time he contacted the Task Force and requested a copy of the police report. He received the report on July 28.

Defendant did not report this contact to his probation officer in any of his monthly reports. Rather, defendant marked "no" to the question which asked if he had contact with law enforcement during the prior month. (Ex. 4.) Having heard of the incident through the Snohomish County Task Force, Mr. Robson met with defendant on August 3, hoping to provide defendant with an opportunity to mentioned the incident to him. However, defendant did not do so. No interpreter was present for the conversation. Mr. Robson testified that he did not utilize the services of an interpreter in any of his interviews of the defendant, that the defendant did not request an interpreter, and that he appeared to understand the conversations with Mr. Robson and conversed with him without difficulty. Following the interview, Mr. Robson requested a warrant and defendant was arrested and charged with violating the conditions of supervision.

The defendant testified, limiting his comments to the second alleged violation. He testified that he was released from the Snohomish County Jail on June 17 following an video teleconference court appearance in the jail. His court-appointed public defender told him to not have any contact with any of the persons involved in the case and not to talk to anyone about it. She was not specific about what persons this advice applied to, and defendant testified that he "didn't know" and didn't ask if the precaution applied to the probation authorities. He admitted that he did not tell his state public defender that he was on federal probation because he was excited that he was being released and thought he didn't have to mention it.

Defendant argues that the government has not proven this violation by a preponderance of the evidence, because the violation must be shown to be "willful" to be sustained. The argument is unavailing. There is no contention that defendant did not intentionally answer "no" to the questions "Were you questioned by any law enforcement officers?" or "Were you arrested or named as a defendant in any criminal case?" (Ex. 4 at 2.) If defendant had inadvertently marked the wrong answer, or misread the question, he might be found to lack the requisite intent. However, defendant makes no such contention. Rather, as he testified, he was relieved that he was being released from jail, and was probably hopeful his initial arrest would have no further consequences.

Taken as a whole, the evidence as presented at the evidentiary hearing satisfies the government's burden of proving by a preponderance of evidence that defendant violated the conditions of supervised release by failing to report his questioning by law enforcement to his probation officer within 72 hours. I recommend the Court find that defendant committed alleged violation 5.

Pending a final determination by the Court, defendant has been detained.

DATED this 25th day of August, 2010.

_____
Mary Alice Theiler
United States Magistrate Judge

cc:  District Judge:          Honorable Robert S. Lasnik
     AUSA:                    Marci L. Ellsworth
     Defendant's attorney:    Ralph Hurvitz
     Probation officer:       Jeffery S. Robson

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -6